## GRIBBLE v. THE CITY OF SIOUX CITY.

1. **Negligence:** CONTRIBUTORY. A party can recover for injuries caused by the negligence of another, only when he himself has not been guilty of negligence contributing thereto.

2. ——: MUNICIPAL CORPORATION: STOCK RUNNING AT LARGE. Where a city had allowed an excavation to be made in a street which had never been used as a public highway or opened for travel, and the plaintiff with knowledge of the excavation, turned his horse loose in the vicinity, which, while running at large contrary to law, fell into the excavation and was injured: *Held*, that plaintiff could not recover.

*Appeal from Woodbury Circuit Court.*

WEDNESDAY, JUNE 10.

THIS is an action against the city of Sioux City, to recover damages for an injury to plaintiff's mare resulting from her falling into an excavation in one of the streets of the city, negligently left open and unguarded. The answer denies the negligence alleged, denies making or causing the excavation, denies the alleged injury, etc., and alleges that the injury complained of, resulted from the plaintiff's own carelessness, etc. Trial and judgment for plaintiff. Defendant appeals.

*S. M. Marsh* and *Joy & Wright,* for appellant.

*O. C. Tredway,* for appellee.

MILLER, CH. J.—The evidence establishes the fact that the injury complained of, occured in the night time at a point on one of the streets (Fifth) of the city, where the same had never been used as a public highway, never having been traveled or worked upon so as to fit it for travel. It also appears by the evidence that there was an excavation made in this street at the place of the accident by different persons, of whom the city supervisor was one. There is no evidence that the city council ever ordered or permitted the excavation to be made or had any direct knowledge of the fact. The injury was caused by the plaintiff's mare falling over into the excavation. She had been turned

out loose by the plaintiff, and fell from an embankment, above the street, where she was at the time grazing. The plaintiff himself testifies that he "knew the excavation was there, but nothing had ever fallen over; did not think there was any danger; turned the mare out loose and took the risk."

Among other instructions given, the court charged the jury that "if the city dug or caused to be dug in one of its streets, whether open to public travel or not, an excavation which, if not protected by guards or barriers, would naturally and probably occasion injury to the stock of others running at large on uninclosed lands in its vicinity, by falling therein, then the city is under obligations to suitably protect the same, and if it fail so to do it is liable for injuries to the stock of others occasioned thereby, and occurring without any negligence of the owner thereof."

The court further instructed the jury, in the eighth instruction, in substance that if the plaintiff was guilty of negligence in knowingly permitting his mare to run at large they should find for the defendant.

Whether these instructions do or do not state the law correctly as applied to the state of facts supposed, we will not stop to discuss. They do, however, embody the doctrine, which is well settled, that the plaintiff can recover for injuries caused by the negligence of the defendant only when he himself has not been guilty of negligence contributing thereto. Under this doctrine and the uncontradicted facts of the case, the plaintiff is not entitled to recover, and the verdict of the jury should have been set aside. The plaintiff had equal, if not more, knowledge than the defendant of the excavation, and with such knowledge, he turned his mare loose in its vicinity. The conduct of each party must be tried by the same standard or test. If the defendant had reason to apprehend injury from the excavation, so had the plaintiff. If defendant was negligent in permitting the excavation to exist without barriers to keep stock from falling therein, the plaintiff was negligent in turning his animal loose near it and knowing its condition. The same facts which establish the negligence of one show the contributory negligence of the other. Besides the mare was

at large in the night in violation of Chapter 144 of Laws of 1868, entitled "An act to protect crops against the invasions of stock." *Weir v. Crane*, Dec. Term, 1873; and also in violation of Chapter 26, Laws of 1870, entitled "An act to restrain stock from running at large." This latter act, like the former, was in force at the time of the injury complained of, notwithstanding the eighth section providing for a submission of the question to the voters of the respective counties whether the act should become a law or not. This section is in substance the same as § 10, of Chapter 144 of the Laws of 1868, which was held to be unconstitutional in *Weir v. Crane, supra*. The act of 1870 was broader in its effect than that of 1868. The latter made it unlawful to allow stock to run at large in the night time, while the former makes the "owners of cattle, horses, mules, sheep, swine and other stock" "liable for *all damages* done by such stock," thereby making it unlawful for them to run at large in the daytime as well as at night. The object of the act, as declared in the title, was to "restrain stock from running at large" generally.

.          REVERSED.