FRED BUNCH v. TOWN OF EDENTON.

*Towns and Cities—Liability for injury occasioned by defective side-walks—Negligence.*

1. A town is liable in damages to one who receives an injury by falling in an excavation near the side-walk (made by the owner of a lot for a cellar), where it appears there was no concurring negligence and the municipal authorities failed to cause to be erected a railing to prevent accidents to passers-by.

2. The court intimate that the owner of the lot may be answerable in damages to the plaintiff, but this is no defence to the defendant town.

(*Hill* v. *Charlotte,* and case cited, 72 N. C., 65 ; *Lewis* v. *Raleigh,* 77 N. C., 229, cited and approved.

BUNCH v. EDENTON.

CIVIL ACTION tried at Spring Term, 1883, of CHOWAN Superior Court, before *Shepherd, J.*

The plaintiff brought this action against the board of councilmen of the town of Edenton, to recover damages for an injury occasioned by alleged negligence on the part of the town in failing to keep the streets in proper condition.

The plaintiff was going along the side-walk on Main street, at night, and fell into a pit and received the injury complained of. The facts relating to the accident and those bearing upon the point decided, are sufficiently set out in the opinion of this court.

The following issues were submitted to the jury:

1. Did the defendants erect or cause to be erected around the pit any sufficient guard or barrier for the safety of travelers? Answer—No.

2. Did they provide sufficient light near the excavation to enable travelers to see and avoid the same? Answer—No.

3. Did the excavation include a portion of the side-walk? Answer—No.

4. Did the plaintiff by his negligence contribute to the injury? Answer—No.

5. What amount of damages has the plaintiff sustained? Answer—$250.

It was admitted on the trial that the excavation had been open for several weeks, to the knowledge of the defendants, before the accident occurred.

The defendants resisted the motion for judgment upon the ground that in passing upon the third issue the jury find the excavation did not include any portion of the side-walk or street.

The court gave judgment for the plaintiff and the defendants appealed.

*Messrs. W. A. Moore* and *Pruden & Bunch,* for plaintiff.
*Messrs. A. M. Moore* and *W. J. Leary,* for defendants.

MERRIMON, J. It is admitted in the answer that "it was the duty of the defendants * * * to repair the streets of the town of Edenton and make and keep them safe and convenient for persons traveling to and fro on said streets."

It appears in the record that one Lee owned a lot situate along and immediately adjoining Main street in that town, and on the side of the lot next to, adjoining and bordering on the outer side of that street, there was an excavation for the purpose of a cellar, eight feet deep, running immediately along the street the distance of forty feet, and extending back from it about sixty feet.

The defendants had knowledge of this excavation. It was permitted to remain open and unenclosed for a month without any railing, fence or other sufficient barrier to prevent persons passing that way from falling into it, and no light was placed placed at night on the street near this opening.

The plaintiff, passing along that street on the side-walk on a very dark night, was unable to see the pit, missed the side-walk, fell into it and broke his thigh, doing him serious damage. The jury found that he did not by his negligence contribute to the injury to himself.

The defendants contend generally that the plaintiff has no cause of action against them, and that if in any case they could be liable for injuries happening on the streets in said town, they could not be held liable in this case, because the pit that occasioned the injury to the plaintiff was outside of the street and side-walk.

An action does not lie against a municipal corporation for damages for the non-exercise or for the manner in which, in good faith, it exercises discretionary powers of a public or legislative character; as where power is conferred upon it generally in its discretion to make ordinances and regulations for the good government of the town, to erect such public buildings, improve such public parks and walks as it may see fit; in such and like cases no action lies for a failure to exercise such powers, nor

because they were exercised in a particular manner, direction or place rather than some other.

But it is otherwise where the law confers powers and imposes corresponding duties upon such corporation, mandatory in their character. And likewise, if in the exercise of discretionary powers, through neglect or want of proper care and skill on the part of its agents and workmen, injury is done to any individual in his person or property, an action will lie in favor of the party injured against the corporation for damages for such injury.

Such corporations are always liable for acts of misfeasance positively injurious to persons, done by their officers in the course of the exercise of the corporate powers, or in the execution of corporate duties. And likewise, mere neglect or omission to perform an absolute and positive corporate duty, as distinguished from one discretionary in its nature, owing by the corporation to the plaintiff or in which he is especially interested, is ground for an action for damages in his favor. *Meares* v. *Wilmington,* 9 Ired., 73; *Hill* v. *Charlotte,* 72 N. C., 55; *Lewis* v. *Raleigh,* 77 N. C., 229; *State* v. *Haywood,* 3——, 99; Dill. on Corp., §764.

It was the positive duty of the corporate authorities of the town of Edenton to keep the streets, including the side-walks, in "proper repair"; that is, in such condition as that the people passing and repassing over them might at all times do so with reasonable ease, speed and safety. And proper repair implies also that all bridges, dangerous pits, embankments, dangerous walls and the like perilous places and things very near and adjoining the streets, shall be guarded against by proper railings and barriers. Positive nuisances on or near the streets should be forbidden under proper penalties, and, when they exist, should be abated.

The defendants were charged with this duty and they were invested with the amplest powers to discharge it. They could raise money, employ labor, abate nuisances and make all needful rules and regulations to make and keep the streets in all respects

safe and convenient, and protect them against perilous places and things alongside of and near to them.

While all persons passing on the streets must do so in an orderly manner, they have a right to expect that the town authorities have properly exercised their powers; that they have done their duty; that the streets are in good repair; that the sidewalks are in safe condition, and dangerous places adjoining and near to them are properly guarded. They have the right to rely upon the the corporate authorities to do these things.

The defendants insist that the excavation mentioned was not in the street, and therefore they are not liable. This defence is not tenable. It was immediately along the side of the street and rendered it precipitous and dangerous. Persons passing the street on foot go almost exclusively on the side-walk, and there is generally much passing over them in the night time. One walking on the side-walk at any time, much oftener at night, especially in the absence of light, might, by accident, stumble and fall over the steep edge. Not infrequently, crowds of people pass along the side-walk, and on such occasions, a misstep of one might precipitate one, two or more persons into the pit. The side the street is of a material part of it, and must be kept free from danger, however the same may arise, as well as other portions of the street. Pits and other dangerous places immediately adjoining it and near to it make it perilous, and such places are nuisances. When these are permitted to exist and the streets are not properly protected against them, the latter are not in reasonable repair

This view of the matter seems to us to be reasonable and just, and it is sustained by numerous judicial precedents. *Davis* v. *Hill,* 41 N. H., 329; *Adams* v. *North,* 13 Allen, 429; *Chicago* v. *Gallager,* 44 Ill., 295; *Murphy* v. *Glancester,* 130 Mass., 470; *Spurhank* v. *Salem,* 1 Allen, 30; *Adams* v. *Natick,* 13 Allen, 431; *Williams* v. *Clinton,* 28 Conn., 264; *Parker* v. *Mason,* 39 Ga., 725; *Norristown* v. *Mayer,* 67 Penn., St. Rep., 355; Shear. and Red. on Neg, §§386, 391.

In this case, the excavation was manifestly a dangerous one

and a source of peril to everybody passing on the side-walk, especially at night. It was tolerated for a month; no light was placed near it at night to warn the passenger; there was no railing to protect him, and a slight misstep might precipitate him over the perilous edge. It was the obvious duty of the defendants to abate such a nuisance, or, if circumstances required that the place should remain open so long, then to compel the owner to place a railing along the edge of the street, or have it done at his expense.

There was manifest negligence on the part of the defendants in a respect mandatory upon them and in which the public had a direct interest. They failed to keep the street in the place mentioned in good and safe repair; they failed to abate a dangerous nuisance as the law required and furnished them with the power and means to do, and as the public had the right to expect them to do. Through their neglect, and no neglect on his part, as appears from the record, the plaintiff sustained damages, and he is entitled to recover the same in this action.

It may be that the owner of the excavation is answerable to the plaintiff for damages, but this is no defence for the defendants; they are responsible to him, and he chooses to bring his action against them as he has a right to do.

It was suggested in the answer that the owner of the excavation placed some of the earth taken from it on the edge of the side-walk and this served as a protection. It does not so appear to us; on the contrary, it increased the danger, for it made an obstacle on the surface of the side-walk and furnished a means over which one might, in the dark, easily stumble into the pit.

We are of opinion that the exceptions cannot be sustained, and the judgment must be affirmed.

No error.                                        Affirmed.