WM. A. WALKER v. THE TOWN OF REIDSVILLE.

*Municipal Corporations—Contributory Negligence.*

1. Where a party is injured by the want of ordinary care and diligence in another, but the party injured does not use reasonable care and diligence himself, he cannot recover.

2. If the injured party, although not entirely free from fault, could not by ordinary care and prudence have avoided the danger caused by the careless and negligent conduct of the defendent, he can recover damages for the injury.

3. So, if the negligence of the defendant was the immediate cause of the injury, and that of the plaintiff was remote, such remote contributory negligence would not bar a recovery.

4. Where an excavation was allowed to remain open and unguarded in a town, which, however, was some distance from the sidewalk, and its existence and unprotected condition was well known to the plaintiff, who carelessly fell into it and was injured; *It was held*, that he could not recover.

(*Bunch* v. *Edenton*, 90 N. C., 431; *Morrison* v. *Cornelius*, 63 N. C., 346; *Manly* v. *The Railroad*, 74 N. C., 655; *Parker* v. *The Railroad*, 86 N. C., 221; *Murray* v. *The Railroad*, 93 N. C., 92; *Rigler* v. *The Railroad*, 94 N. C., 604; cited and approved).

CIVIL ACTION, tried before *Boykin, Judge*, and a jury, at January Term, 1887, of ROCKINGHAM Superior Court.

The defendant, a municipal corporation, caused to be ex-cavated within its limits a deep and wide pit between West Market street and the east front of the town hall and market-house, which pit was not completed on the 24th of October, 1884. The edge thereof next to the market-house was fifteen feet from the front of this building, the edge of it next to the street mentioned was fifty-six feet from the sidewalk of the street next to it.

The plaintiff, in the night of the day above mentioned, fell into this pit and sustained serious bodily injury, and this action is brought by him to recover damages on that

account from the defendant, on the alleged ground, that its officers and agents negligently failed to properly guard the pit mentioned by lights, railings and barriers in the night time, &c.

The defendant alleged contributory negligence on the part of the plaintiff.

At the trial, the plaintiff having introduced all his evidence, the Court intimated the opinion that the plaintiff could not recover. Thereupon the plaintiff suffered a judgment of *nonsuit*, and appealed to this Court.

*Mr. John W. Graham*, for the plaintiff.
*Messrs. Mebane* and *Scott* filed a brief, for the defendant.

MERRIMON, J., (after stating the facts). Granting that the defendant was chargeable with negligence, in that its officers and agents failed to properly guard the pit mentioned by a proper railing, barriers, or otherwise, and that it would be answerable therefor in a proper case, we are of opinion that the plaintiff cannot recover in this action, because, accepting the evidence produced by him on the trial as true, in any proper view of it, he negligently and directly contributed to the injury because of which he complains.

It appears that the pit was of considerable length, width, and depth, and dangerous. There were barriers—indifferent ones—on the side. of it next to the street, and at each end, but none on the side next to the market-house. Around it, and particularly in front of the market-house, was a public common open way, much used by persons going over it to and from the market-house and town hall. All the evidence bearing upon this point, went to prove that the plaintiff well knew of the pit and where it was. He had seen the workmen at work in it for ten days and more, and on the afternoon just before he fell into it. There was ample room for him to pass out of the market-house without going

near to the edge of the pit, and he did not pass out through the door he usually passed through in going to and from his business. He testified, that as he was going home to supper, he made his way through a crowd of persons in the aisle of the building, to the front door on the east, facing West Market street; that he walked on, not thinking where he was going, but looking down; fell in the pit and broke both bones of his leg; that his mind was absorbed in respect to a trip he expected to make that night, and he forgot the pit. This is the substance of the material parts of the testimony.

Now it is clear, that if the party injured by the want of ordinary care and diligence of another, carelessly and negligently fails to use reasonable care, prudence and diligence to avoid or prevent the injury of which he complains, and the negligence of both parties be the direct cause of it, the party injured contributes to it, and he cannot recover damages on that account. In that case, the party injured, in his own wrong, helped to bring the injury upon himself. In a just sense, he injured himself. The parties were mutually in default and at fault. No rule can be devised to determine how much of the damage is attributable to the one party and how much to the other.

A man shall not be encouraged to injure himself by his own negligence; and no more, when the damage he encounters was the result of the negligent act or default of another, than if the danger arose otherwise. He must be reasonably careful and diligent to protect himself from danger, no matter how it may arise. If he is not, and sustains injury as a consequence, the law will not compel compensation in damages on the part of him whose negligence gave rise to it.

If, however, the injured party, though not entirely free from fault, could not by ordinary care and prudence have avoided the danger, he might recover damages. Thus, if a person were walking along on the sidewalk of a street, and

should by mere accident stumble and fall into an open pit immediately along-side of the walk, he might recover damages, as was held in *Bunch* v. *Edenton,* 90 N. C., 431. And if the negligence were the immediate cause of the injury, and that of the plaintiff were remote—not happening at the time of the injury—damages might be recovered; and there may be other exceptions to the rule above stated, not necessary to be mentioned here. *Morrison* v. *Cornelius,* 63 N. C., 346; *Manly* v. *Railroad Company,* 74 N. C, 655; *Parker* v. *Railroad,* 86 N. C., 221; *Murray* v. *Railroad Company,* 93 N. C., 92; *Rigler* v. *Railroad Company,* 94 N. C., 604

Applying the rule of law stated above, it seems to us that there can be no reasonable question that the plaintiff himself negligently contributed to the severe injury of which he complains, and that his negligence was the direct, helping cause of it. He well knew of the pit; its dangerous character; where it was; and of the pass-way, fifteen feet broad, between it and the market-house, out of which he passed. He did not need to go near it at all—he went out of his usual way in doing so. He did not by mere accident fall into it as he passed along by it; he unnecessarily and carelessly walked into it! Although he no doubt suffered greatly, he is not excusable for forgetting it. A reasonably prudent and careful man would not forget the presence of such danger in his immediate neighborhood—one that he had seen and observed every day for more than a fortnight, and but a few hours before he received the hurt. He was bound to act upon his information, and use ordinary care and prudence in shielding and protecting himself from what he knew to be a menacing danger to every one who passed near it. He forgot, and failed to be careful at his peril, and in his own wrong. *Parker* v. *Railroad Company, supra; Railroad Company* v. *Houston,* 95 U. S., 697; Dill. on Mun. Corp., §789; Beach on Cont. Neg., 40. In *Bucker* v. *The Town of Covington,* 69 Ind., 33, it was held, that when a party knows of the

existence of an open cellar-way in a sidewalk, and attempts to pass the place in the night, he will be considered as taking the risk upon himself, even if he had forgotten the existence of the obstruction, and if he receives injuries from falling into such cellar-way, he is chargeable with contributory negligence, and cannot recover damages. There are many cases to the like effect. *Gribble* v. *Sioux City,* 38 Iowa, 390; *Wilson* v. *Charlestown,* 8 Allen, 137; *Gilman* v. *Deerfield,* 15 Gray, 577; *Moore* v. *Abbott,* 32 Me., 46.

There is no error, and the judgment of nonsuit must be affirmed.

No error.                         Affirmed.