RUSSELL v. TOWN OF MONROE.

Error.

. AVERY, J., did not sit.

SAMANTHA RUSSELL v. TOWN OF MONROE.

*Action for Damages—Municipal Liability—Defective Sidewalks—Negligence—Contributory Negligence.*

1. The law imposes upon the municipal authorities of a town the imperative duty of keeping in proper repair the streets and bridges of the town.

2. It was negligence in town authorities to leave open a ditch three feet deep at the point where it crossed a part of the sidewalk for sufficient space to admit the body of a person falling into it.

3. Previous knowledge, on the part of a person injured, of the existence of a defect in sidewalks does not *per se* establish negligence on his part.

4. A person walking at night on a town sidewalk is only required to use ordinary care to avoid defective places therein and is not required to remember the location of defects which he might have seen during the day and is not required to use more than ordinary care to avoid injury therefrom.

5. A person walking on a sidewalk has the right to expect and to act on the assumption that the town authorities have properly discharged their duties by keeping the street in repair— the only exception to the rule being the reasonable requirement that pedestrians must take notice of such structures as the necessities of commerce or the convenient occupation of dwelling houses may, require.

6. In the trial of an action against a town for personal injuries caused by defects in a sidewalk, the burden of proving contributory negligence is on the defendant.

CIVIL ACTION, for damages, commenced on the 4th of August, 1893, and tried before *Winston, J.,* and a jury, at August Term, 1894, of UNION Superior Court.

The following issues were, by consent of the parties, submitted to the jury, who responded to them as indicated, to-wit:

"1. Was plaintiff injured by the negligence of the defendants?   Answer, 'Yes.'

"2. If so, did the plaintiff, by her own negligence, contribute to her own injury?   Answer, 'Yes.'

"3. What damage, if any, is the plaintiff entitled to recover?   Not responded to.

There was no exception to the reception or rejection of any evidence offered by the plaintiff or defendant.   The plaintiff testified that on her return homeward from church on a very dark night, in the Town of Monroe, she crossed the street and walked over the street on a plank across a ditch and on to the sidewalk, and instead of turning to the left, made one or two steps too many and fell into a hole and injured herself greatly; that she had been living in Monroe only one year and had been up town very little and had never seen the hole before.   The hole was so deep that she could not get out and was assisted in getting out by companions; that she saw no light burning on the street.

On cross-examination she stated:

"Had been up town before then and passed by the place, I think, but had never noticed that place before.   Left the Baptist Church; went down the sidewalk a little way; crossed the street on the bridge, then on to the rock bridge across and over the sidewalk and fell off the sidewalk in the hole.   I was trying to see but couldn't.   My daughter

116—46

went in front and I was looking the best I could. The loose planks shook. My daughter went a few steps in front of me. The planks across the street bridge and sidewalk were loose and she went ahead. Blue stone or slate cover on the sidewalk, and from that I fell into the hole. The loose planks were not over the sidewalk, but over the street. I had no idea the place was there. I had gone to church the same way. My daughter and her companion were just in front of me, in crossing the street, and I might have seen them when they reached the sidewalk and turned up it and might also have seen the hole into which I fell, if I had been paying any attention. I was not thinking of any danger and was paying no attention. People usually cross the street at that place."

James Shute, a witness for plaintiff, testified that J. Shute & Sons owned the land adjoining the sidewalk, and that they built an aqueduct across their property, the end of the aqueduct being on a line of the sidewalk. The distance from the end of the aqueduct to the stone bridge on the sidewalk covering the ditch, is about $2\frac{1}{2}$ feet, the bridge extending across the street proper, is connected with the coverings over the sidewalk by plank reaching from the bridge to an abutting against the sidewalk bridge, and that this continuous covering over the ditch crossing the streets and sidewalks was used by him and the mill hands and by the public in crossing from one side of the street to the other; that the sidewalk from the line where his aqueduct was built had been kept up by the town for 35 years; and the bridge over the sidewalk did not cover the sidewalk by $2\frac{1}{2}$ feet next to his line, and there was no barrier or other protection around the hole, which is four feet wide. The town has covered up the hole since plaintiff's injury; that the bridge crossing the streets and sidewalks is not a crossing place established for pedestrians, though much used by the

RUSSELL *v.* TOWN OF MONROE.

public, and is in the middle of a block and much more convenient for persons crossing to the church than to go to the crossing of the street, there being no bridges over the ditches at the place where the alley immediately south of the block crosses the street; that the public crossed this bridge instead of crossing at the alley, and had been doing so for years, because it was better walking.

On cross-examination the witness stated that if the lamp in front of the Baptist church was lighted it would throw light as far as the hole, diagonally across the street and he thought the hole could be seen on a bright star-light night; that there was an elm tree near the lamp; the sidewalk bridge is seven or eight feet wide and is 1½ to 2 feet beyond the beaten part on sidewalk; but that this would not be discovered by one walking on to the stone bridge over the sidewalk.

L. R. Helms testified for plaintiff, among other things, that he noticed the hole and notified the mayor and one of the street commissioners of its existence, but nothing was done until two weeks after the injury of the plaintiff, when the commissioners covered the hole. People almost invariably cross the street on the bridge to avoid dust and mud, and had done so for years; that he had noticed the light in front of the Baptist church to see if it would light the hole, and the elm bush is exactly in the way and it is dark there at night; don't think the rocks extending over the bridge could be counted by the lamp-light.

C. N. Simpson, town commissioner, testified for defendant: That he knew the hole and bridge and light; that the light sheds a plenty of light for any one to see the hole; there was a bough of elm in the way of the light, but the tree itself is higher than the lamp; the bridge covers more than one or one and a-half feet of the used part of the sidewalk. The plank laid down are not as wide as the bridge

I think.  The hole is 3 feet deep.  Persons passing from the bridge onto sidewalk would not get in grass.

Mr. Terrell testified :  That he was town commissioner at the time of accident, and has measured the distance about the place of accident.  The distance from the nearest lamp to the edge of bridge is 84 feet, and the bridge extends across the sidewalk to the hole 8 feet, and the street directly between the sidewalk is 52 feet wide ; thought a person could see the sidewalk by strong light from the lamp.  A careful person could tell when he struck the rock pavement and see the hole if the light was burning.  The little elm would obstruct light to some extent ; knew when he was a commissioner that people frequently crossed the street on the bridge, which is one of the main streets of the town ; did not know hole was there when he was commissioner, and the hole was one in which a person passing along sidewalk might fall.

Rev. A. T. Tatta testified :  That he had lived on that side of town fifteen years and had often noticed the place and passed there at night 25 or 30 times a year, and could easily see the place unless it was very cloudy or very dark, and then he would go by it very carefully, and when it was dark he would carry a lantern.

C. H. Richardson testified :  That the hole could be seen plainly at night, and the light was not obstructed by the body of the elm, but that the lower limbs were in the way a little.  He is one of the town Board of Commissioners.  There was other evidence on the part of both plaintiff and defendant corroborating that recited.

The Court then gave the following general instructions :

1st Issue.  Burden is on the plaintiff to show that the town was guilty of negligence.

If the jury shall find that the stone bridge over the sidewalk was not as wide as the sidewalk  at that point by 1½

to 2 feet, that there was a public bridge over and across the street at that point which rested on the said stone bridge over the said sidewalk, and that it was the usual and customary place of crossing for the people of the town in going to the church, and in going to the stores and dwellings in that part of the town, and the said town recognized the same as a crossing for people, and the jury shall further find that there was no railing or other obstruction placed at the end of the stone bridge to guard the opening and no light there or near there to show the people passing over the street bridge onto the stone sidewalk bridge the said opening and if the jury shall further find that beyond the said stone bridge was an opening 3 feet deep, 2½ feet wide and 4 feet long, of the existence of which the town had notice, and that the said opening was dangerous to the public, and so situate as not to be discoverable by a person passing there and exercising ordinary care and prudence, then you will find that, in these circumstances, to leave such a place so exposed, constitutes negligence and you will answer the issue "Yes."

Unless you shall so find the defendant is not guilty of negligence and you will answer the issue "No."

If you answer "No," that ends the case and you go no further.

The Court here fully arranged all the evidence and presents the contentions of both sides.

2nd Issue. The burden of this issue is on defendant. It must show that the plaintiff was guilty of contributory negligence.

The Court here gave the defendants requests for instructions on the 2nd Issue in part and added thereto the following:

If she was a stranger in the town and did not know the streets and crossings, and undertook to cross at a place other than the usual crossing place, and in consequence came

upon the sidewalk at right angles to and just in front of the uncovered opening, it was her duty to exercise more than ordinary care. The sidewalks and the public crossings are provided by the town for the use of pedestrians, and if they quit the usual pathway, they do so at their peril unless they exercise such care as the nature of the case demands.

But it is for the jury to say if that was a usual crossing place. If so, such care as usually ought to be exercised by a person in her situation, is all that the law demands of her.

To the instruction given by the Court that if being a stranger, she went off the usual sidewalk, came up on same at right angles, and in consequence was hurt, she must have used more than ordinary care—the plaintiff excepted.

To that part of the charge explaining the above that the sidewalks of a town was made for pedestrians, and if plaintiff left the sidewalk she did so at her peril, and must use such care as the nature of the case demands as above explained—plaintiff excepted.

*Messrs. MacRae & Day*, for plaintiff (appellant).
*Mr. F. I. Osborne* and *Battle & Mordecai*, for defendant.

AVERY, J.: The law imposes upon the Mayor and Commissioners of incorporated towns the imperative duty of " Keeping in proper repair the streets and bridges of the town " ( *The Code*, Sec. 3803 ) and for a failure to fulfill its requirements they may subject themselves to criminal liability. *State* v. *Commissioners*, 4 Dev., 345. The testimony fully warranted the jury in finding that the governing authorities of the town were negligent in leaving open a ditch three feet deep at the point where it crossed a part

of the sidewalk, for sufficient space ( two and half by four feet ) to admit the body of a person walking along such footway. *Bunch* v. *Edenton,* 90 N. C., 431. But the defendant did not appeal and the response to the first issue therefore stands unchallenged. It has been held in many of the leading Courts of this country that the previous knowledge of the injured person of the existence of a defect in a sidewalk does not *per se* establish negligence on his part. Morrill on City Neg., p. 139, and authorities cited; *Divingy* v. *Elmira,* 51 N. Y., 512; *Darling* v. *Mayor,* 18 Hun., 340; *Diwire* v. *Basley,* 131 Mass., 169; *Gilbert* v. *Boston,* 139 Mass., 313.

If the plaintiff was exercising reasonable or ordinary care for her own safety when she fell into the ditch she had a right to demand that the jury respond in the negative to the second issue. Jones Neg. Mun. Corp., Sec. 221; *Bunch* v. *Edenton, supra.* The evidence is that the plaintiff had never actually noticed " the hole before " though she admits that she might possibly have seen it if she had been paying strict attention to her pathway when she fell. She had a right to expect and to act on the assumption that the authorities of the town had properly discharged their duty by keeping the streets in good repair. *Bunch* v. *Edenton, supra,* at page 435; Morrill on City Negligence, pp. 136, 137, 137; *Indianapolis* v. *Gaston,* 58 Ind., 224. Perhaps the only exception to this rule is the reasonable requirement that persons must take notice of such structures as the necessities of commerce or the convenient occupation of dwelling houses, such as exterior basement stairs. *Bueschung* v. *St. Louis, &c.,* 6 Mo., Ap., 85. The case of *Walker* v. *Reidsville,* 96 N. C., 382, is distinguishable from that at bar because there the pit into which the plaintiff fell was some distance from the sidewalk ( 56 feet ) though

it was excavated by the town and upon property owned by it, and the plaintiff had actual notice of its existence.

The burden was on the defendant under our statute to prove contributory negligence, and in order to thus avoid the consequences of its own carelessness it was necessary to show that the plaintiff failed to exercise reasonable or ordinary care for her own safety. If she did not put herself in fault by careless conduct, she had a right to demand that the jury be instructed to answer the second issue in the negative. Jones, *supra*, Sec. 221. To constitute contributory negligence (says Beach in his work on that subject, section 8) there must be a want of ordinary care on the part of the plaintiff and a proximate connection between that and the injury. Perhaps, besides these two, there are no other necessary elements. Certainly they are the two points of difficulty in the question. " Did the plaintiff exercise ordinary care under the circumstances ? Was there a proximate connection between his act or omission and the hurt he complains of ? " We can conceive of no reason and we know no authority for holding the plaintiff to a higher degree of care than that involved in what is known as the rule of the prudent man. What is reasonable care is to be determined in some, probably most of jurisdictions. largely by the jury, but with us, when the facts are undisputed, by the Court. It is the universal rule however that there is no contributory negligence, where the plaintiff acts. with ordinary prudence, in view of surrounding circumstances suggestive of danger. *Morrill*, *supra*, pp. 132, 140 ; *Mason* v. *Railroad*, 111 N. C., 482 ; *Emry* v. *Railroad*, 109 N. C., 589 ; *McAdoo* v. *Railroad*, 105 N. C., 140.

As a specific act or omission may be declared negligence at a particular period or under given circumstances, which had been held with other surroundings not culpableat all,

so it will be found that the question whether a plaintiff has contributed by his own carelessness to bring about an injury complained of, must be answered after a comprehensive consideration of the conditions confronting him at the time. It was unquestionably error to tell the jury that the plaintiff was required, in order to rid herself of culpability, to exercise under any circumstances more than ordinary care. While the rule of the prudent man is always the test of carelessness on the part of a plaintiff, what is reasonable care does not depend alone upon what a person does or omits to do, but also upon his environments at the moment, when it is contended that his act or omission enhanced his danger.    While the rule that a person in order to avoid culpability must exercise such care as a man of ordinary prudence would under similar circumstances use, is always the criterion for testing contributory negligence, as well as negligence, the conditions at the moment may render the same act, at one time, characteristic of a cautious, at another, of a careless man.

We do not understand the rule to be that where a defendant has by carelessness left the plaintiff exposed to peril as a natural consequence of its conduct, the failure of the plaintiff to exercise unusual caution to avoid the ensuing danger will be deemed the proximate cause of an injury that would not have been sustained had the defendant in the first instance been faultless. The plaintiff was not bound to exercise more than ordinary care, because she might possibly, before or at the time of sustaining the injury, have thereby discovered that the defendant had carelessly left persons, passing along the sidewalk at the particular place, exposed to danger.   A defendant cannot take advantage of his own wrong to hold others to a more rigid rule of watchfulness.    The plaintiff was warranted in acting on the assumption that the authorties of the town had done their

duty.   She was not required to see and treasure up in her memory the location of every defective place in the sidewalk which she had or might have seen during the day time, nor was she expected to see all such places.   She was not required to keep a sharp or constant lookout for what could not be reasonably expected, assuming that the authorities of a town had used ordinary care in the discharge of their duty.   Locomotive engineers are required to keep a constant lookout for persons, animals and obstructions on railway tracks in front of trains, because they have reasonable ground to apprehend that some such danger may confront them at any moment.   A person is not negligent in failing to provide against what could not have been reasonably expected, much less against a danger that he is warranted in assuming does not exist.   *Blue* v. *Railroad,* decided at this term.   Had it appeared that the plaintiff actually saw the hole, or that she was warned against it in time to have avoided falling into it, the case would have presented a different aspect.   Having no actual knowledge of its existence before she stepped into it, she was not required to exercise the same degree of diligence that an engineer in charge of a train must use, because he has reason to apprehend and provide against danger to his passengers from obstructions, or to men or animals on the track at any moment, while she was justified in acting upon the belief that the authorities had done their duty by keeping the sidewalk in safe condition.

There was error in instructing the jury that the plaintiff was expected to use more than ordinary care.   The Court should have told them that she was entitled to recovery if the first issue was found in her favor, unless the defendant had shown by a preponderance of the testimony that she did not exercise reasonable or ordinary care.

We think that the case, as the facts were developed on

the trial was governed by the principle laid down in *Bunch v. Edenton, supra,* and that it was not shown that the injury was due to her own negligence. There was error and the plaintiff is entitled to a new trial.

New Trial.