LOVEY NICHOLSON v. COMMISSIONERS OF DARE COUNTY.

*Action for Mandamus—Municipal Corporation—Notice under Section 757 of the Code—Practice.*

When a judgment has been obtained against a County or other Municipal Corporation, it is not necessary that notice as required in certain cases by Section 757 of *The Code* should be given before bringing an action for mandamus to compel the payment of the judgment.

CIVIL ACTION for *mandamus* tried at Spring Term, 1897, of CURRITUCK Superior Court before *Bryan, J.*, on complaint and demurrer. The defendant demurred *ore tenus* to the complaint, and moved to dismiss the action upon the ground that the complaint did not contain facts sufficient to constitute a cause of action, in that it did not contain the allegations required in section 757 of *The Code* of North Carolina. The Court sustained the demurrer, and said the action should be dismissed. Before the judgment dismissing the same was signed, the plaintiff asked leave to amend, so as to embrace the language of Section 757 of *The Code*. The Court refused to allow the amendment and signed the judgment sustaining the demurrer and dismissing the action. From this judgment the plaintiff appealed.

*Mr. W. B. Shaw*, for plaintiff (appellant).
*Mr. E. F. Aydlett*, for defendant.

FURCHES, J.: This is an action of mandamus to enforce the payment of a judgment of the County of Currituck against the County of Dare, which judgment, the plaintiff alleges in her complaint, has been assigned to her and that she is the owner thereof. These allegations were denied by

defendant's answer, and this court has twice held that the plaintiff's testimony failed to show that she was the assignee and owner of this judgment.    119 N. C., 20, and 118 N. C., 30.

But when the case came on for trial at Spring Term, 1897, the defendant abandoned its answer and demurred *ore tenus* to the complaint; and assigned as grounds of demurrer that plaintiff had not complied literally with the terms of Section 757 of *The Code* in making demand before bringing suit.    And it seems from the authorities cited that this objection would be fatal to the plaintiff's action if it is a case requiring a demand before bringing suit.    The defendant relies on *Shields* v. *Durham*, 118 N. C., 450, as authority for demurring at this time and in this way; while the plaintiff cites and relies on *Shields* v. *Durham, supra, Sheldon* v. *Asheville*, 119 N. C., 606, and *Frisby* v. *Marshall*, 119 N. C., 570, to sustain her contention that it was not necessary to make the demand required by Section 757 before commencing her action.

The case of *Shields* v. *Durham* certainly sustains the contention of the defendant as to the time and manner of making this objection to the plaintiff's action.    But we do not say that it applies to the matter of notice in this case. It is not necessary that we should do so, as our opinion rests upon a different reason.

The plaintiff alleges that judgment has heretofore been recovered against the defendant, and the defendant being a municipal corporation the judgment of the court could not be enforced by the ordinary execution.    These facts being admitted by the demurrer entitles the plaintiff to the writ of mandamus, which writs in such cases are executionary in their nature and purpose.    *High Ex. Legal Rem.* (3rd Ed.) Sec. 365, 365a.

It must be presumed that the notice required by Section 757 of *The Code* was given or waived when the action was

brought, upon which judgment was recovered against the defendant. And there is no greater reason for notice to be given before demanding this executionary process to enforce the judgment, than there would have been for giving notice that the plaintiff was about to have execution issued. The demurrer should have been overruled.

There is error.