## LIZZIE C. NEAL v. TOWN OF MARION.

(Decided April 24, 1900.)

*Demand Before Suit, When Necessary Under Section 757 of The Code—Claim Ex Contractu—Contributory Negligence—Voluntary Risk of Known Danger.*

1. Under sec. 757 of The Code, demand before bringing suit against a town is only necessary where the claim is *ex contractu;* it is not required when the claim is for unliquidated damages, and the section does not apply to actions *ex delicto. Shields v. Durham,* 118 N. C., 450.

2. If the authorities of a town make and keep in repair a good sidewalk on one side of a public pass way, and leave on the other side an abandoned and neglected walk, and these facts are known to a person who chooses in the night-time to walk along the neglected path instead of upon the safe walk-way, and is injured by reason of a defect therein, then there is contributory negligence, and there can be no recovery for the injuries sustained.

CIVIL ACTION for damages for injuries alleged to have been sustained, through negligence of defendant, while plaintiff

was walking along a passway used as a part of the public street, tried before *Shaw, J.,* at January Term, 1900, of McDowell Superior Court.

The complaint alleged no demand upon the town authorities for payment of plaintiff's claim, previous to suit, and the defendant moved to dismiss the action on that account. Motion refused. Defendant excepted.

There was evidence tending to show that in the town of Marion there was a passway along the right-of-way of the Southern Railway Company, used as a public street; that the town authorities had kept in repair a good pavement on the south side of it, but the northern side was neglected, and had become unsafe by reason of holes washed out on that side. Into one of these holes the plaintiff in passing, at night, on that side, fell and received serious injuries. The evidence was conflicting as to whether the plaintiff was aware of the condition of that side of the passway and knew about the holes. She testified that she did not, and if she ever knew about the holes she had forgotten; that she had been absent from Marion for some three months, and there were no holes there when she left; that she fell into one of them on the night of her return; that she had passed there a hundred times.

The charge of his Honor applicable to this part of the case, and excepted to by defendant, is repeated in the opinion.

The jury found by their verdict that the plaintiff had been injured by the negligence of defendant; that she had not by her own negligence contributed to her own injury, and awarded her $500.

Judgment accordingly. Appeal by defendant.

*Messrs. Sinclair & Eaves,* for appellant.
*Mr. E. J. Justice,* for appellee.

MONTGOMERY, J.   The authorities of the town of Marion
in 1881 commenced to use a part of the right-of-way of the
Southern Railway Company as a street.   It seems that the
street was too narrow to permit of sidewalks on both sides
thereof, and that up to 1889 a sidewalk was made and kept
up on the north side of the street when the sidewalk was
changed to the south side of the street.   The plaintiff, who
was a resident of Marion, on her return to that place after
an absence of a few months, on a train of the Southern Rail-
way Company, upon going to her house along this street at
12 o'clock at night, took the old sidewalk or path on the north
side of the street instead of the well kept walkway on the
southern side, and fell into a hole in the path whereby she
sustained personal injury, and instituted this action against
both the railroad company and the town of Marion for the
recovery of damages therefor.

She alleged that she had often walked along that path, and
that when she left Marion in January. it was in good condi-
tion.   The defendants in their answer averred that "she
(plaintiff) knew of her own personal knowledge that the north
side of said thoroughfare was not constructed or prepared
or intended to be used by foot passengers, and that the cor-
poration of Marion had provided a sidewalk for foot passen-
gers on the south side thereof, of easy access and perfectly
safe.   And this defendant further alleges that the plaintiff
had knowledge of the excavation, and voluntarily and care-
lessly, through inadvertence or indifference to exercise due
care, and negligently and for convenience refused to go upon
the sidewalk prepared for foot passengers,and took the chance
of the dangerous path that led over the washout, and was
injured, if at all, by her own contributory negligence." After
the pleadings were read, the defendant town of Marion
moved to dismiss the action on the ground that the complaint

did not state facts sufficient to constitute a cause of action in that it did not allege a demand upon the town under sec. 757 of The Code. There was no error in the refusal of his Honor to sustain this motion.

In *Shields v. Durham,* 118 N. C., 450, this Court unanimously decided that only actions arising *ex contractu* are contemplated under sec. 757 of The Code, and that that section does not apply to actions *ex delicto.* The opinion was written by Justice FURCHES for the Court, and he discusses the question clearly and forcibly and at some length, going into the reason of the matter. In that opinion the Court said: "This motion has received our careful attention, and has given us some trouble. But after a thorough consideration of the matter we have come to the conclusion that sec. 757 of The Code does not apply to an action like this, for unliquidated damages." That part of the opinion in that case has been three times affirmed by unanimous decisions of this Court—*Frizbee v. Marshall,* 119 N. C., 570; *Sheldon v. Asheville, Ibid,* 606; *Nicholson v. Commissioners,* 121 N. C., 27. It does seem that if there is anything in the doctrine of *stare decisis* it ought to be applicable to the point which we have been discussing. We call it a *point* because it does not reach the dignity of a principle of law or a rule of property.

His Honor, after setting out the contentions of the respective sides to the jury, instructed them, "That though she (plaintiff) may have known of the existence of this defect prior to this time, yet the Court further charges you that she is not required to carry around in her memory the defect in the street, and if she may have known of its existence, at the time she did not think about it, and was injured, that would not be contributory negligence." We think there was error in that instruction. The Court most probably had reference

to the decision in the case of *Russell v. Monroe*, 116 N. C., 720. It was there held that "all persons had a right to assume that the authorities of a town have used ordinary care in the discharge of their duty, and that the streets are in proper condition," and that the plaintiff in that case "was not required to see and treasure up in her memory the location of every defective place in the sidewalk which she had or might have seen during the day time, nor was she expected to see all such places." But in that case the plaintiff herself testified that she had been living in Munroe only one year, and had been up town very little, and had never seen the hole before. In the case before us the plaintiff had been long a resident of Marion, and had been thoroughly familiar with the walk, having travelled it hundreds of times, as she testified. Now if she knew that that hole was in the path, and at night walked along it, and through forgetfulness carelessly walked into it, she negligently contributed to her own injury. It was not reasonable care on her part to forget such a menace to her safety; and even if it should be conceded that if the town was negligent, if she, through the want of proper care and prudence contributed to her injury, both parties being negligent, she can not recover.

In *Butler v. Town of Covington*, 69 Ind., 33, it was decided that where a party knows of the existence of an open cellar-way in a sidewalk, and attempts to pass the place in the night, he will be considered as taking the risk upon himself, even if he had forgotten the existence of the obstruction, and if he receives injury from falling into such cellar-way he is chargeable with contributory negligence and can not recover damages. There are many cases to the same effect cited in the case of *Walker v. Reidsville*, 96 N. C., 382, to which case we refer as authority for our ruling in this matter.

There is nothing in *Bunch v. Edenton*, 90 N. C., 431,

inconsistent with what we have here decided; in fact, the decision in that case is a support for the decision in this.   But besides, if the authorities of a town make and keep in repair a good sidewalk on one side of a street, and leave on the other side an abandoned and neglected walk, and those facts are known to a person who chooses in the night time to walk along the neglected path instead of upon the safe walkway, and such person be injured by reason of a defect in the path along which he chooses to walk, then there is contributory negligence on the part of the injured person, to say the least, and there can be no recovery for the injuries sustained. For the error in the charge of the Court as pointed out there must be a

New trial.

DOUGLAS, J., dissents.