DAVID OVENS v. CITY OF CHARLOTTE.

(Filed 1 May, 1912.)

**Cities and Towns — Streets and Sidewalks — Obstructions—Negligent Driving—Proximate Cause—Nonsuit.**

In an action against a city for personal injuries caused by plaintiff's being thrown from a vehicle which was overturned at night by one of its wheels striking a stump alleged to have negligently been left by the city on a street near the curbing, it appeared from the evidence of the plaintiff that he knew of the stump and could readily have seen it by an electric light, if he had been attentive to his driving: *Held,* the injury complained of was proximately caused by the inattention of the plaintiff, and a judgment of nonsuit was properly granted.

APPEAL by plaintiff from *Lyon, J.,* at January Term, 1912, of MECKLENBURG.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Walker.*

*W. T. Harding and McCall & Smith for plaintiff.*
*Maxwell & Keerans for defendant.*

WALKER, J. Plaintiff brought this action to recover damages for injuries received while driving along a street or avenue in the city of Charlotte, known as Ransom Place, and striking a stump which overturned his buggy and threw him to the ground. He alleges that the city had cut down a tree which stood in one

of the small parks or places in the avenue, leaving a stump which projected a little in the driveway, though plenty of space was left for the safe and convenient passage of vehicles. Ransom Place was about 68 feet wide and 400 feet long, and extended from Morehead Street to Vance Street. The parks were not part of the driveway, but well defined in their boundaries, and were curbed. The evidence introduced by the plaintiff tended to show that he had often seen the stump, as he lived in Ransom Place very near it, and "there was no trouble about seeing it." Plaintiff admitted that if he had been thinking of the stump, he could easily have avoided it. He was not looking for the stump, and was driving along and not thinking about it; although he knew that it was there. He was not looking out for anything ahead of him, but thinking of something else. If he had driven in or near the middle of the street, and not to the extreme right side, he would not have struck the stump. There was an electric light burning at the intersection of Ransom Place and Vance Street, about two hundred feet distant.

It would seem clear that plaintiff's injuries were caused by his negligent indifference to his own safety. He was evidently driving carelessly, if not recklessly, and not thinking about what he was then doing. *Walker v. Reidsville,* 96 N. C., 382, is a case which closely resembles this one in its facts, and with reference thereto the Court said:

"A reasonably prudent and careful man would not forget the presence of such danger in his immediate neighborhood— one that he had seen and observed every day for more than a fortnight, and but a few hours before he received the hurt. He was bound to act upon his information, and use ordinary care and prudence in shielding and protecting himself from what he knew to be a menacing danger to every one who passed near it. He forgot, and failed to be careful at his peril, and in his own wrong. *Parker v. R. R.,* 86 N. C., 221; *R. R. v. Houston,* 95 U. S., 697; Dillon Mun. Corp., sec. 789; Beach on Cont. Neg., 40. In *Bruker v. Covington,* 69 Ind., 33, it was held that when a party knows of the existence of an open cellar-way in a sidewalk, and attempts to pass the place in the night, he will be considered as taking the risk upon himself, even if he had

forgotten the existence of the obstruction, and if he receive injuries from falling into such cellar-way, he is chargeable with contributory negligence, and cannot recover damages. There are many cases to the like effect. *Gribble v. Sioux City,* 38 Iowa, 390; *Wilson v. Charlestown,* 8 Allen, 137; *Gilman v. Dearfield,* 15 Gray, 577; *Moore v. Abbott,* 32 Me., 46." But the case of *Neal v. Marion,* 126 N. C., 412, is more to the point, and seems to be decisive of this case. The Court there said that "The plaintiff had been long a resident of Marion, and had been thoroughly familiar with the walk, having traveled it hundreds of times, as she testified. Now, if she knew that the hole was in the path, and at night walked along it, and through forgetfulness carelessly walked into it, she negligently contributed to her own injury. It was not reasonable care on her part to forget such a menace to her safety; and even if it should be conceded that the town was negligent, if she, through the want of proper care and prudence, contributed to her own injury, both parties being negligent, she cannot recover." The cases of *Walker v. Reidsville, supra,* and *Bruker v. Covington, supra,* are cited with approval by the Court, and it distinguishes *Russell v. Monroe,* 116 N. C., 720, and other cases, because it appeared in them that the plaintiff had no knowledge of the defect in the street, and, therefore, might well assume that the town had performed its duty and kept its street in proper repair.

In this case it appears that the plaintiff was grossly inattentive to his surroundings, not thinking at all about what he was doing, when if he had exercised any, even the least, care to avoid the stump, he could have done so with the greatest ease. The injuries he received when he was thrown from the buggy were directly traceable to his own negligence, and about this no two reasonable minds could differ.

There was consequently no error in dismissing the action upon the evidence.