ROSE STYRON v. ATLANTIC AND NORTH CAROLINA RAIL-
WAY COMPANY AND THE TOWN OF MOREHEAD CITY.

(Filed 14 December, 1912.)

1. Cities and Towns—Streets and Sidewalks—Negligence—Evidence
   —Questions for Jury.

   In an action against a city for damages for a personal injury
   alleged to have been negligently inflicted, there was evidence
   tending to show that a city's street crossed a ditch which had
   long since been dug by a railroad company from its right of
   way and kept open, with the permission of the city, for a num-
   ber of years; that the city had maintained a bridge over this
   ditch, but had permitted it to become in disrepair, which, at the
   time complained of, was not more than an 8-foot plank without
   railing and no lights nearer than 100 yards, and had been gen-
   erally used by people to walk across for more than ten years;
   that plaintiff, while attempting to cross after sundown, was
   thrown by the plank into the ditch and injured: *Held*, that a
   motion to nonsuit should not be granted.

2. Cities and Towns — Negligence — Release—Fraud—Instructions
   for Jury.

   A release made by an ignorant and illiterate person of all de-
   mand against a city on account of a personal injury alleged to
   have been negligently inflicted by it, which was not read over
   to the injured party, who was told by the city officials she had
   no claim against the city, whereupon she made her mark on the
   release, the consideration therefor appearing to be inadequate,
   is sufficient evidence of fraud in its procurement to be submitted
   to the jury.

APPEAL by defendant from *Foushee, J.,* at March Term, 1912,
of CARTERET.

Civil action. At the conclusion of the evidence the court sus-
tained a motion to nonsuit the plaintiff as to the defendant, the
railroad company. Plaintiff excepted. The court overruled the
motion to nonsuit made by defendant town of Morehead City,
and submitted these issues to the jury. The defendant More-
head City excepted.

1. Was the release set out in this answer of the defendant
town secured by undue influence and fraud, as alleged? An-
swer: Yes.

2. Was the plaintiff injured by the negligence of the defendant town, as alleged? Answer: Yes.

3. Was plaintiff guilty of contributory negligence, as alleged? Answer: No.

4. What damages, if any, has the plaintiff sustained by reason of the alleged negligence? Answer: $325.

From the judgment rendered, both the plaintiff and the defendant Morehead City appealed.

*Abernethy & Davis for plaintiff.*

*E. H. Gorham, Charles R. Thomas for defendant Morehead City.*

*J. F. Duncan and L. I. Moore for A. and N. C. Railroad Company.*

### THE DEFENDANT MOREHEAD CITY'S APPEAL.

BROWN, J. The plaintiff excepted and appealed because his Honor sustained the motion to nonsuit as to the defendant railroad company. This appeal has been heretofore disposed of early in the present term, and the judgment of the Superior Court affirmed.

The defendant Morehead City appeals, and the substance of its contentions is that in no view of the evidence is it liable to the plaintiff.

The defendant's officers evidently thought the town was liable, for shortly after plaintiff was injured they procured her to execute a release in these words: "In consideration of $25, I hereby release the town of Morehead City from all liability, etc."

The plaintiff testified that she is ignorant and cannot read and write; that the release was not read over to her; that the officials told her she had no claim against the town, and that she made her mark; that $16 of the $25 was paid the doctor, and she received only $6 in cash; and that the $2 went to pay some money that had been loaned her.

The defendant city offered evidence in contradiction.

The assignments of error raise no questions of evidence, and we think the matter was properly left to the jury by the court.

Upon the question of the liability of the defendant city for negligence, we think the motion to nonsuit was properly denied.

The plaintiff offered evidence tending to prove that she was injured crossing a ditch on a public street of defendant. This ditch was opened many years ago by the railroad company from its right of way to the sound, by permission of defendant. The evidence further shows that a street crossed this ditch and that defendant city maintained a bridge across it; that the street and bridge have been in general use twenty years; that the street was opened up by the city and is called Evans Street, and has been worked by the city for twenty-one or twenty-two years.

There is testimony tending to prove that the city kept up this bridge and that at time plaintiff was injured it consisted of "nothing more than a little bridge, an 8-foot plank"; that there was no railing to it, and no lights nearer than 100 yards, and that the bridge was used generally by people to walk across for more than ten years.

Plaintiff testifies she attempted to cross this bridge after sundown in October, 1909, when the plank threw her into the ditch and crippled her; that there was no railing nor lights and nothing to keep her from falling into the ditch.

In our opinion, the evidence of negligence was amply sufficient to justify his Honor in submitting the issue to the jury. *Bunch v. Edenton,* 90 N. C., 431; *Russell v. Monroe,* 116 N. C., 720; *Fitzgerald v. Concord,* 140 N. C., 112.

The defendant Morehead City will pay all the costs.

No error.