M. D. DARDEN AND WIFE, LIZZIE, v. THE TOWN OF PLYMOUTH.

(Filed 16 September, 1914.)

**Municipal Corporations — Sidewalks — Obstructions—Trials—Negligence—Contributory Negligence—Questions for Jury—Nonsuit.**

In an action against an incorporated town to recover damages for a personal injury, there was evidence tending to show, that for more than two months the defendant had permitted building material to obstruct the sidewalks on both sides of the street, and that the plaintiff's injury was received in consequence of her stumbling upon some loose brick or building material, rendering the sidewalk uneven, as she was going to her home at night; that at this place the obstructions on the sidewalk would not permit two persons to pass abreast of each other; and it was in a shadow cast by a street light from a shed that extended across the sidewalk; and that the plaintiff was mindful of the obstructions in endeavoring to choose her way along: *Held*, evidence sufficient of defendant's actionable negligence in failing to keep the sidewalk in proper condition, and this, with the question of plaintiff's contributory negligence, should be submitted to the jury. *Ovens v. Charlotte*, 159 N. C., 332, and like other cases where the plaintiff knew of the conditions and could have avoided the injury by the exercise of proper care, cited and distinguished.

APPEAL by plaintiffs from *Ferguson, J.*, at June Term, 1914, of WASHINGTON.

Civil action to recover damages for physical injuries caused by alleged negligence of defendant in failing to keep the streets of the town in proper repair.

At close of plaintiffs' evidence, on motion, there was judgment of nonsuit, and plaintiff excepted and appealed.

*W. M. Bond, Jr., for plaintiffs.*
*L. W. Gaylord and H. S. Ward for defendant.*

HOKE, J. The evidence on the part of plaintiff tended to show that, in September, 1912, about 9 p. m., *feme* plaintiff was injured by a fall as she was endeavoring to go along Water Street in Plymouth; that the injury occurred under a shed over the street from Hampton's warehouse, a brick structure abutting

on the street; that on the outer edge of the sidewalk at this place there was some kind of a counter and on the inner edge, next the building, there was a pile of loose lumber sloping towards the sidewalk and narrowing same so that two people could not pass abreast. As we understand the facts, the surface of the sidewalk here was uneven, by reason of loose brick and pieces of lumber falling on the same, and the opposite sidewalk was also obstructed by brick and building material placed there for the erection of some building on that side. That there were electric lights in the town, but the same were so placed that the shadow of the brick warehouse and the shed over the sidewalk prevented proper effect, and it was right dark at the time and place the injury occurred; that this pile of lumber and the condition of the sidewalk at the place in question had existed for two months and more; that the warehouse belonged to one of the town aldermen; that the office of the chief of police was some distance below, and that officer, himself, passed the place at least two or three times every day; that the husband's place of business was on the same street, just above the warehouse, and, on the night in question, about 9 p. m., *feme* plaintiff, who assisted in her husband's business, had left the store and was on her way home when she fell on the sidewalk by reason of the lumber pile and the uneven surface there, and received severe physical injuries from which she had not yet recovered. The witness stated that she was mindful of the pile of lumber and was doing what she could to avoid being hurt, but, notwithstanding her efforts, she stumbled and fell and received the injuries, as stated and described fully in the evidence.

From this, a fair summary of the facts making in plaintiff's favor, as they now appear of record, we think that the order of nonsuit was erroneous, and the same must be set aside, for, under our decisions applicable, if these facts are established, they permit the inference of culpable negligence on the part of the town in the care and supervision of the streets (*Bailey v. Winston,* 157 N. C., 252; *Fitzgerald v. Concord,* 140 N. C., 110; *Bunch v. Edenton,* 90 N. C., 431), and in our opinion the issue of contributory negligence must also be referred to the jury.

True, in several decisions to which we were referred by counsel for defendant a nonsuit was sustained, and chiefly on the ground that it appeared from the testimony offered by plaintiff himself that he was, at the time, fully aware of the dangerous conditions complained of; but a careful examination of these authorities and others of like kind will disclose that in these cases the danger was obvious, and it further appeared, either from positive testimony to that effect or from the character of the obstructions and the facts and attendant circumstances, that the plaintiff could not at the time have been properly careful for his own safety. Thus, in *Ovens v. Charlotte,* 159 N. C., 332, a case much relied on by defendant, plaintiff was injured by driving against a stump which, he maintained, was negligently left on the street by the municipal authorities, and it also appeared that he was fully aware of the existence of the stump and its exact placing, "and could readily have seen it, by an electric light, if he had been attentive to his driving."

In *Austin's case,* 146 N. C., 336, plaintiff was not on the street at all, but was injured in trying to go a dangerous way across a private lot. The danger, too, in that case was obvious and the risk was knowingly and voluntarily incurred by plaintiff. And so in *Neal's case,* 126 N. C., 412. The town had constructed a perfectly safe sidewalk on one side of the street which was customarily used by pedestrians, and on the other was an abandoned pathway running near an excavation that imported danger, and it appeared that plaintiff, being fully aware of the conditions and the custom and of the attendant danger, voluntarily left the safe and customary sidewalk and was injured in attempting, at night, to go along the old path. And, in *Watkins' case,* 96 N. C., referred to in *Austin's case, supra,* plaintiff was injured by falling into an excavation which the town authorities had made on an open lot, and it appeared that he was fully aware of the existence of the pit and the incidental danger, but "that he was thinking of something else at the time, and forgot about the pit."

But not so here. According to *feme* plaintiff's account, she was going from her work place to her home, along the street that was provided; that she was mindful of the lumber pile and

the conditions attendant and was doing what she could to avoid a fall, but the place was rendered too dark to observe fully by the shadow of the building and the shed overhead, and notwithstanding her care, she slipped and fell.

Upon these facts, if established, we must hold, as stated, that the question of contributory negligence on the part of plaintiff must be referred to the jury, and that the present case comes under the principles declared in *Russell v. Monroe,* 116 N. C., 720, and in which it was held that "Previous knowledge, on the part of a person injured, of a defect in a sidewalk does not *per se* establish negligence on his part."

There is error, and the judgment of nonsuit must be set aside and the cause submitted to the jury.

Error.