J. C. DUKE v. TOWN OF BELHAVEN.

(Filed 26 September, 1917.)

**Municipal Corporations—Cities and Towns—Negligence—Defects in Streets —Contributory Negligence—Trials—Evidence.**

Upon evidence tending to show, and *per contra,* that the plaintiff's injury was caused by the defendant town leaving for months a ditch across its street 18 inches deep and about the same width, into which his horse, hitched to a buggy, fell or stumbled when being driven about 7 miles an hour, after dark; that the place was unlighted, he could not see the ditch, or reasonably know of its existence: *Held,* sufficient upon the issue of defendant's actionable negligence, and the evidence of plaintiff's previous

DUKE v. BELHAVEN.

knowledge of the ditch some months before, and his belief that it had since
been fixed, under the circumstances, was also properly submitted to the
jury upon the issue of contributory negligence.

CIVIL ACTION tried before *Daniels, J.,* and a jury, at April Term,.
1917, of BEAUFORT.

The action was to recover damages caused by alleged negligence of
defendant growing out of the bad condition of its streets. On denial
of liability and plea of contributory negligence, the jury rendered the
following verdict:

1. Was plaintiff injured by the negligence of defendant, as alleged?
Answer: "Yes."

2. Was plaintiff's injury, if any, caused by his own negligence con-
tributory thereto? Answer: "No."

·3. What damages, if any, is plaintiff entitled to recover? Answer:
"$1,000."

Judgment on the verdict for plaintiff and defendant excepted and
appealed.

*Ward & Grimes for plaintiff.*
*Tooly & McMullan for defendant.*

HOKE, J. We have carefully examined the record, and find no reason
for disturbing the results of the trial. The evidence on the part of
plaintiff tended to show that on 27 December, 1913, between 7 and 8
o'clock, good dark and no light near the place, he was driving in a top
buggy along Railroad Street, in the town of Belhaven, about the point
this street entered into Pantego Street, a much frequented street of
the town, when his horse blundered into an open ditch, or "chasm,"
across the street 18 inches deep and about the same width, and as he
jumped forward, he wheeled into Pantego Street, turned the buggy
over, throwing plaintiff out and causing him serious and painful in-
juries from which he still suffers; that he was a deputy sheriff and
engaged in the performance of his duty on the night in question and
was driving along about 7 miles an hour, the usual gait of the horse;
.that it was too dark for him to note the ground ahead, and he did not
know or have any reason to believe any such obstruction was on the
street; that some months before, just after the September storm, he had
noticed that people were driving around towards the edge of the street,
but he supposed that whatever damage had been done by the storm had
been repaired by the town authorities. The evidence was also that the
buggy and harness were badly damaged at the time.

There was testimony on the part of defendant that there was no such
ditch and chasm across the street as claimed by plaintiff; that there was

a depression there, but so slight that the street authorities did not consider it in any way dangerous, and had therefore repaired other places which had been more badly damaged by the September storm.

This conflict of testimony on the material question in the case was submitted to the jury under a clear and correct charge by his Honor, and they have decided the issue against the defendant.

On the second issue there was very little, if any, evidence tending to show contributory negligence. True, the plaintiff testified that several months before, just after the September storm, he noticed people were driving towards the edge of the street as if to avoid an obstruction, but that witness lived at Pantego town, miles away, had not seen the street since, and supposed and had every reason to suppose that in that length of time the authorities would have repaired any serious damage to the street. On this question the case was tried out under the principles approved in a recent decision of this Court in *Darden v. Plymouth,* 166 N. C., 492, and the distinction pointed out in the opinion between that case and *Ovens v. City of Charlotte,* 159 N. C., 332, and other cases chiefly relied on by defendant obtained equally here.

On the record, we are of opinion that the cause has been correctly and fairly tried, and the judgment in plaintiff's favor is affirmed.

No error.