CHRISTIANNA F. WILLIS v. CITY OF NEWBERN.

*Action for Damages—Negligence—Contributory Negligence—Question for Jury—Municipal Corporations, Liability of, for Injuries Caused by Insufficient Protection at Excavation on Lot Adjoining Street.*

1. A municipality is liable for any injury caused by want of ordinary care and skill in making improvements to its streets and sidewalks, and for failure to exercise reasonable diligence to protect the owner of the abutting lot and the public against danger to which they might reasonably be expected to be exposed ; therefore,

2. In the trial of an action against a city for personal injuries, it appeared that defendant ran a pipe, from a ditch in the street, under the sidewalk, into plaintiff's lot by her gate, where it excavated a sink hole and placed a board cover over the hole. The plaintiff in passing out to her lot stepped on the board which gave way and she was precipitated into the excavation and injured ; *Held*, that it was for the jury to say whether plaintiff exercised reasonable care in venturing on the plank.

This was a CIVIL ACTION, to recover damages against the defendant for the injury set out in the complaint, tried before *Boykin, J.,* and a jury, at the Fall Term, 1895, of the Superior Court of Craven county. Upon the trial the plaintiff introduced witnesses who testified as follows :

Christianna F. Willis: "I lived on South Front street in 1893, on the north side of the street. About the 15th day of May the defendant hauled dirt and raised the sidewalk in front of my house as far west as the railroad. My lot was, and still is, above the sidewalk. The sidewalk was raised one and a half feet. They put pipes under the sidewalk. It went into the ditch. The pipe extended under the sidewalk into my lot near and by the side of my gate. At the point in my lot near and by the side of my gate an excavation was made for a sink-hole into which the water flowed and was carried by the pipes into the street. I was passing over the sink-hole, through the gate, to the pump on the street and fell in the sink-hole. The cover to it was not sufficient. The cover broke and I fell in. The defendant dug the hole there. I kept a boarding house, and sewed, etc., for a living. I was hurt in May, 1893. The sinews on my left side were strained, erysipelas followed and I was confined eight or ten days. Then I was not able to get around to do anything. The suffering was very severe. I was in good health before. Afterwards people said they would not board with me because they were afraid I would over-exert myself. I did all my own work. I can stand a little while now, but soon get weak and stumble and fall. There is a dividing line between Mrs. Holland's and my place. I knew the defendant's servants had dug the sink-hole, though I did not know it was unsafe. Fell in in the morning. It was covered with plank. If I had thought it was unsafe, I would not have gone on it. I did not look to see what was over the sink-hole. Doctor Primrose attended me after the erysipelas set in. The hole had been dug several days and had been partially covered over. I had passed over it before several times. The town has fixed it since."

S. H. Lane: "A fence divides my lot from the plaint-

WILLIS v. CITY OF NEWBERN.

iff's. The city was doing work on the sidewalk in May,. 1893. The sidewalk was raised and the sewer pipe was. run from the different lots to the street, attached under the sidewalk. The sink-hole is on the line between the plaintiff's and my lot and about on the sidewalk. It is just inside the plaintiff's gate. I do not know that it is fifteen inches from the sidewalk. None of it is on the sidewalk. Have not noticed carefully. It is under the dividing fence."

The defendant then offered the following evidence :

William Ellis : " I am mayor of the defendant. In 1893 was chairman of the Committee on Streets and Pumps. The drain was put in to drain the lots. The sink-hole is twelve inches square and twelve inches deep. Was right on a line with the two lots. A stone 22x28 inches was put over the hole. It was put there the same day the hole was dug. It is there now. It was put there two hours after it was dug. The sink-hole is from sixteen to eighteen inches from the sidewalk."

Mr. Williams : " I did work for the city. Constructed the sink-hole. Did it in one and three-quarter hours. Put the rock over it at once. The rock was about twenty inches wide. It took two or three of us to put it there. It has been there ever since. The sink-hole is eight or nine inches from the sidewalk. The sides of the sink-hole were bricked up and the hole covered with the rock. We put a stone over it. We got stone from the city hall.'"

H. A. Brown : " Am a civil engineer. I laid out the plans for the work, and gave the hands the grade. I made this map. It is correct. The sink-hole is fifteen or eighteen inches from the edge of the sidewalk. It is covered with the rock." .

S. H. Lane was recalled for the plaintiff, and testified as follows : " I think they dug the hole, laid the pipes,.

etc., and went off, and several days thereafter, came back and put a rock over it. It was covered with planks in the meantime."

Upon the close of the evidence the defendant asked his Honor to charge the jury that, upon the evidence in this case as it appeared that the sink-hole, which it was alleged, was the cause of the injury to the plaintiff, was on the plaintiff's lot and not in the streets of the city, the plaintiff cannot recover damages.

This request was refused. Exception by the defendant.

After the argument, his Honor charged the jury among other things as follows : "That if the plaintiff walked over the sink-hole in a reasonably proper and careful manner, she would not be guilty of contributory negligence. That the plaintiff was bound only to use ordinary care, and was not bound to use more than ordinary care because she may have possibly discovered that the defendant had carelessly left planks over the place and exposed her to danger, for if she knew said parties were repairing the sidewalk in the yard on her premises, and as part of said construction excavated the drain opening upon her premises and had placed a plank over the same, she was not required to keep a constant look out for danger but was only required to use such care as a prudent person under the circumstances would have used in crossing the planks, and that if the jury believe from the testimony and find that the plaintiff was passing over the sink-hole as described, through the gate to the pump in the street, and that the sink-hole was covered with planks, and that the plaintiff had passed over the same place several times before without suffering any injury, and that if the jury should believe and find that she had no reason to consider the place unsafe, and in passing over the plank she did so in a manner in which an ordinarily

prudent person would have passed over the same and had no notice of any defect in the covering, then she would not be guilty of contributory negligence, and you will answer that issue—No."

The defendant excepted to this portion of the charge assigning error in law in said portion of said charge as herein set forth. His Honor also charged the jury that the owner of private property or premises owed no duty to his guests whom he had invited on his premises, to keep his premises in safe condition. The defendant excepted to this part of the charge and assigned error in law.

"I. For that the said charge does not properly state the law.

"II. For that the said charge was upon a proposition of law not involved in the controversy."

Verdict for the plaintiff, and from the judgment thereon the defendant appealed.

*Messrs. W. W. Clark* and *M. De W. Stevenson*, for defendant (appellant).

*Messrs. O. H. Guion* and *W. D. McIver*, for plaintiff.

AVERY, J.: The defendant, in any view of the testimony, was making an improvement in its streets. Whether the purpose was to drain the sidewalks or the plaintiff's lot more perfectly, the work might well have been undertaken, as we must assume that it was, either to better the condition of the sidewalks as highways or in discharge of the duty of looking after the sanitary condition of the city. The municipality was liable for any injury caused by want of ordinary care and skill in carrying out its plans or for failure to exercise reasonable diligence to protect the owner of the lot or the public against danger, to which its authorities had reasonable ground to believe she or other persons would be exposed. *Russell* v. *Monroe,*

116 N. C., 720. The opening in the ditch into which the plaintiff fell was inside her front gate and beside the walk that led to it. It was the duty of the city to cover the hole so as to protect persons who passed along the walk against the danger of falling into it. This was but a prudent precaution to avert accident that might be justly apprehended, if the opening was insufficiently covered or not covered at all. *Bunch* v. *Edenton*, 90 N. C., 431. But the city placed a board cover over the sink-hole, which, according to the plaintiff's evidence, was insufficient, and in passing over it to go to the pump on the street the plank gave way, so as to precipitate her into the hole and seriously injure her. It was the duty of the municipality to provide against accident to persons that its governing authorities must have expected to pass in and out of plaintiff's gate, and the failure to place a covering over the sink-hole that was sufficient to sustain the weight of the plaintiff was culpable negligence. *Nathan* v. *Railroad*, at this Term. She had a right not only to demand and expect that the city would discharge its duty by putting a cover over the hole, but when the plank was placed upon it she was warranted in assuming and acting upon the idea that the duty had been properly performed. *Russell* v. *Monroe, supra; Thompson* v. *Winston*, at this Term. The city was authorized to improve the streets and sidewalks and by the plaintiff's license, if not empowered to do so by its charter, it could open the drains or sewers into plaintiff's lot. Whether acting under its delegated authority or under a license from the abutting owner, a municipality is answerable in making such improvements as that described by the witnesses for such injury to persons or property as are caused by want of care in doing the work. *Meares* v. *Wilmington*, 9 Ired., 73; *Wright* v. *Wilmington*, 92 N. C., 156; *Moffitt* v. *Asheville*, 103 N. C., 237; *Love* v. *Raleigh*,

116 N. C., 394.   If the city undertook to extend its drain into the plaintiff's lot, and its agents in charge of the improvements carelessly left it open, it was justly held answerable for the natural consequences of such conduct. There is no merit in the exception to the refusal of the court to give the instruction asked, or the substitution of that given.   The court left the jury to determine whether in view of all the surrounding circumstances the plaintiff exercised reasonable care, or such as would have characterized a person of ordinary prudence in venturing upon the plank.   This was a compliance with the rule laid down at this Term in *Hinshaw* v. *Railroad* and *Russell* v. *Railroad*.   For the reasons given we hold that there was no error.

No Error.