J. J. THOMPSON v. CITY OF WINSTON.

*Action for Damages—Municipal Corporations—Defective Streets—Injury to Driver of Fire-Engine—Negligence—Contributory Negligence—Instructions.*

1. The driver of a fire engine belonging to a town cannot be held to any more rigid rule of diligence in ascertaining and avoiding obstructions on the streets than any other citizen of the town.

2. In the trial of an action for injuries caused to the driver of a fire-engine by a defective street, the court could not assume, from the fact that plaintiff had previous knowledge of the defects, that he actually saw and understood the condition of the street at the time of the accident and recklessly disregarded the danger, since plaintiff was not required to carry about with him a map of obstructions, but had the right to assume, and to act on the assumption, that the defendant had discharged its duty by removing the defects.

3. It is not error to refuse instructions which assume that the jury " *must* " and not " may " find the facts according to the contentions of the party asking the instructions, where to do so would be to withdraw from the jury questions upon which it was their right and their duty to pass.

CIVIL ACTION, for damages for personal injuries caused by alleged negligence of defendant in not keeping its street in proper repair, whereby plaintiff was thrown from a fire-engine and hurt, tried at January Special Term, 1896, of FORSYTH Superior Court, before *Brown, J.*, and a jury.

The plaintiff alleged that he was thrown from a fire-engine of which he was driver, while driving in the night-time to a fire; that the accident was caused by a defect in the street, consisting of a depression from four to eight inches deep along the edge of blocks of stone at a street crossing, which defendant had negligently failed to repair. Defendant claimed that plaintiff was intoxicated at the time of the injury; that he knew of the defect in the street before the accident; that he had been warned against driving fast; that the seat on the engine of which he was driver, and the reins, were defective, of which facts plaintiff had knowledge.

The issues submitted to the jury, and their answers, are as follows: "(1) Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer, 'Yes.' (2) Was the plaintiff guilty of contributory negligence? Answer, 'No.' (3) What damage, if any, is plaintiff entitled to recover? Answer, $780."

The defendant submitted nine prayers for instructions. The court refused the first and second, and gave the third, fourth and ninth, and substantially gave the others. The prayers of the defendant, except those given in terms, are as follows:

"(1) That, according to the plaintiff's own testimony, he was well acquainted with the condition of his lines, the seat on the engine, and also with the condition of the streets, when the accident occurred; that these conditions had existed for a considerable time previous to the injury complained of; that there is no evidence

that plaintiff ever complained to the authorities of the town as to the street, or the seat on the engine, and no evidence of actual or implied promise by the town to repair; that, this being so, and the plaintiff remaining in the service of the town, and continuing to drive the engine, he assumed all risk, and cannot recover in this action.

" (2) That, according to plaintiff's own testimony, he did not use ordinary care in driving the team, and this want of ordinary care is contributory negligence, and the jury should answer the second issue, ' Yes.'

" (5) That the plaintiff knew the condition of the street, and that it was in an unsafe condition to drive his heavy engine over it at a great rate of speed, and with this knowledge drove his horses, at a fast trot or gallop, against a stone curb, projecting four or six inches above the surface, and was in this way thrown or knocked off his engine. Such driving would constitute contributory negligence, and the jury should answer the second issue, ' Yes.'

" (6) That the plaintiff alleges that the street had been out of repair for a considerable time; that he knew it well, passing it daily with his wagon, and frequently with his fire-engine, which weighed about 5,000 pounds; that his lines were weak, and his seat on the engine not well constructed; that if he had knowledge of all these conditions, and repairs were not made in reasonable time after notice to defendant, he had the right to quit the service of the defendant; and in case he remained in its service after this knowledge, and was injured while driving with the lines that he was daily using, riding upon a seat that he had been using, and along a street the condition of which had been well known to him for months, and his injury arose out of these causes, all of which were well known to him, it is contributory negligence on his part, and the jury should find the second issue, ' Yes.'

" (7) If the jury find from all the evidence that plaintiff had been warned by the authorities of the town to stop his fast driving only a day or two before the accident, and directed not to try to compete with the paid department in getting to fires, but to drive slowly and carefully ; that on the evening before the fire, which occurred at one or two o'clock the next morning, he was under the influence of liquor, and still in same condition as late as ten o'clock at night; and that while in this condition, or for any other reason, he drove the engine recklessly, driving in disobedience of orders from his superior officers, he is guilty of contributory negligence, and the jury should find the second issue, ' Yes.'

" (8) That if the jury find that the plaintiff was injured, if injured at all, by reckless driving, and that in disobedience of orders from the officers of the city, they should find the second issue, ' Yes.' "

*Mr. J. S. Grogan*, for plaintiff.
*Messrs. Watson & Buxton*, for defendant (appellant).

AVERY, J.: The only assignment of error, upon which the defendant has the right to insist here, is the failure of the court to give the instructions asked and the substitution of those given for them.

It was admitted to be the duty of the defendant to keep its streets and sidewalks in reasonably safe condition, and it seems that the instruction, upon which the exceptions are founded, does not relate to the question whether the municipality was negligent in suffering them to become obstructed, as described by the witnesses. The prayer of the defendant proceeds upon the idea of conceding that the city was culpable, but of denying that its carelessness was the proximate cause of the injury. It is not contended

that the plaintiff is precluded from recovery on the ground that the injury was due to want of care on the part of a fellow-servant. Though he was employed to drive a team for the city, he could be held to no more rigid rule of diligence than that applicable to any other resident of the town. The fact that he had opportunity to become familiar with defects in the streets was evidence which the jury might have considered in determining whether he was actually cognizant of and recklessly disregarded the danger at the time of the accident. The court could not assume, from the fact that the plaintiff had had previous knowledge of the obstruction, that he actually saw and understood the condition of the street at the time. He had a right to assume that the defendant had discharged its duty, and to act upon that assumption. *Russell* v. *Monroe*, 116 N. C., 720. Neither he nor other residents of the municipality were required, as the court properly told the jury, to carry in their hands a map of obstructions in the streets, made out like a mariner's chart, upon the supposition that the city authorities would never be aroused to action by a sense of their duty to the public.

The court also submitted fairly to the jury the questions whether the defendant was warned of the danger of driving fast and forbidden to do so, whether he was intoxicated at the time of the accident, and whether, if he was careless in either respect, such negligence contributed proximately or concurrently with the plaintiff's omission of duty to cause the injury. The attention of the jury was properly called to the subjects to which their inquiries should be addressed. The instructions asked by the defendant (numbered 5, 6 and 7) were so drawn as to assume that the jury *must*—not that they *might*—find the facts according to defendant's contention. It was not error therefore to refuse to adopt the language of the

THOMPSON *v.* CITY OF WINSTON.

prayers and withdraw from the jury questions upon which it was their right and their duty to pass.

Unless the jury found that the injury was caused by the carelessness of the city authorities in failing to provide a better seat or stronger reins, it was needless for them to know or consider the law relating to defective implements. But, with the preliminary caution that the instruction upon this subject would be applicable only in case they should find the injury directly due to such defects, the court stated very clearly and correctly the rule of law governing the liability of the defendant in that contingency.

No other inference can be drawn from a careful review of the charge given in lieu of that asked in connection with the verdict than that the jury believed from the testimony, (1) that the plaintiff was not intoxicated, (2) that either he had not been warned to drive slowly or had acted upon the warning if given ; (3) that neither the defective condition of the seat nor the reins was the proximate cause of the accident ; (4) that the plaintiff did not actually see or have his attention called to the obstruction of the street when he was driving towards it just before the injury was sustained.    We conclude therefore that there was no error.

No Error.