JANET R. SHELDON v. CITY OF ASHEVILLE.

*Action for Damages—Municipal Corporations — Negligence—Trial—Instructions—Claim Against a Municipality—Demand—Code, Section 757.*

1. Where, in an action for damages, the gravamen of plaintiff's complaint was that a plank " seemed " safe when in fact it was in such bad condition that it would not sustain her weight but gave way so as to cause her to fall and receive injuries, her testimony to that effect was not contradicted by the testimony of defendant's witness that the sidewalk was " in pretty fair condition," that he " did not see any defective stringers or planks there " and that " the stringers were good and the planks seemed good."

2. Where, in the trial of an action for damages alleged to have been caused by the negligence of the defendant, contributory negligence is set up as a defense, and there is but one inference deducible from the testimony, it is the exclusive duty of the Court to determine whether an injury has been caused by the negligence of one or the concurrent negligence of both parties; and it is only where more than one inference can be drawn from the testimony by reasonable minds that the jury are at liberty to apply, as a test of the conduct of the injured party, the " rule of the prudent man."

3. Where, in the trial of an action against a city for damages for an injury alleged to have been received by plaintiff by reason of the defective condition of a sidewalk, there was no material conflict in the evidence as to the condition of the sidewalk, it was proper to instruct the jury that, if they believed the sidewalk was in the condition testified to by the witnesses and was allowed to remain so for any considerable time so as to raise a presumption of notice on the part of the city, or that the authorities actually had notice of its condition, then the jury should find the issue as to defendant's negligence in the affirmative.

4. The requirement of *The Code*, Section 757, that no action shall be maintained against any city, town or county on any debt or demand unless the claimant shall have made a demand on the proper authorities, applies only to actions *ex contractu.*

CIVIL ACTION for damages, tried at March Term, 1895, of BUNCOMBE Superior Court, before *Graham, J.*, and a jury. There was a verdict for the plaintiff and judgment thereon for $1,100 and the plaintiff appealed, the principal error assigned being that discussed in the opinion of Associate Justice AVERY.

*Messrs. Moore & Moore*, for plaintiff.
*Messrs. Davidson & Jones* and *J. C. Martin*, for defendant (appellant).

AVERY, J.: The plaintiff testified that she had already passed over a portion of the plank sidewalk that was obviously bad, and over a portion of the street where it was entirely gone, when at a point directly in front of West's front door, where the sidewalk, " as far as she could see," was good, a strip gave way and let her foot between the boards, so as to throw her down. In this fall she received the injury complained of. The Court charged the jury that if the sidewalk was in the condition testified to by the witnesses, and was allowed to remain so for any

considerable length of time, which would raise a presumption of notice on the part of the city, or if the authorities had actual notice of its state, the first issue (involving the question whether the injury was caused by the defendant's negligence) should be answered in the affirmative. This instruction was excepted to as a misdirection, The plaintiff had also testified that the plank which gave way and caused her fall was in the proper place and apparently nailed down. The defendant contended that the testimony of one Henderson, a witness for the city, was in conflict with that of the plaintiff as to the condition of the sidewalk in front of West's house, and that the jury was therefore misdirected, in that it was their province to pass upon the conflicting evidence under proper instruction. It is conceded to be the general rule that the judge is not at liberty to single out a particular witness and predicate his charge to the jury upon the theory that the testimony of that witness is to be taken as true when it is in conflict with that of another witness. Did the witness Henderson contradict the plaintiff as to that particular question? After stating that in some places not far from West's gate the plank side-walk was entirely gone, and in other places its condition was bad, Henderson testified, in response to one question, that the sidewalk " right in front of Mr. West's house " was " in pretty fair condition," and in answer to other questions, that he " *did not see any defective stringer or planks there*," and that the stringers were good and the planks " *seemed good*." The gravamen of the plaintiff's complaint was that the plank " seemed " safe, when in fact it was in such bad condition that it would not sustain her weight. The defendant seems, from the questions asked, to have embarked upon the examination of this witness, and to have conducted the defense in other respects, upon a theory widely different from that

adopted in the argument here, though the exceptions raise the question discussed.   Henderson testified that much of the sidewalk over which the plaintiff passed on the occasion when she sustained the injury complained of was in obviously unsafe condition, but when his attention was directed to the precise locality where she fell he admitted that the planks "seemed good" at that point.  The statement that it was the best part of the plank sidewalk, some of which had been worn out and removed and other portions of which were obviously unsafe, was not a contradiction of the plaintiff's statement, which tended to show that, while apparently in good condition, the plank was left unfastened, and was therefore in fact unsafe by reason of the neglect of the defendant's servants to secure it by nails driven into the end of it.

If there was anything in the testimony of either of the witnesses, from which the jury could have inferred that there was contributory negligence on the part of the plaintiff, the question was properly left to the jury under the rule of " the prudent man."  She had a right to assume that the municipal authorities had done their duty, and it was not obvious in any aspect presented by the testimony of either witness that she could not safely proceed on that assumption in relying upon the soundness of the portion of the sidewalk that seemed secure.    *Willis* v. *Newbern,* 118 N. C., 132 ; *Nathan* v. *Railway,* 118 N. C., 1066 ; *Thompson* v. *City of Winston,* 118 N. C., 662 ; *Russell* v. *Monroe,* 116 N. C., 720 ; *Tankard* v. *Railroad,* 117 N. C., 558.   She was not contradicted as to the statement that, though it appeared to one passing to be secure, the plank was not in fact fastened to the stringer.    That statement went to the jury uncontradicted.    Where, as in this case, but a single inference is deducible from the testimony, " it is the exclusive duty of the court to determine whether an

119—39

injury has been caused by the negligence of one or the concurrent negligence of both of the parties. *Russell* v. *Railroad*, 118 N. C., 1098; *Hinshaw* v. *Railroad*, 118 N. C., 1047; *Styles* v. *Railroad*, 118 N. C., 1084; *Ellerbe* v. *Railroad*, 118 N. C., 1024; *Lloyd* v. *Railroad*, 118 N. C., 1010. It will appear from authorities cited above that it is only where more than one inference may be drawn from the testimony by reasonable minds that the jury are at liberty to apply as a test the question whether the injured party exercised such care as a prudent man placed in the same situation would have exercised. If, then, there was no material conflict in the testimony of the two witnesses as to the condition of the sidewalk at the place where the injury was sustained, it was not error for the court to tell the jury what legal conclusions would necessarily follow if they believed what the witnesses had said.

The question whether the provisions of section 757 of *The Code* apply to actions arising *ex delicto* was settled upon a full discussion of the authorities by the well-considered opinion of Justice Furches in *Shields* v. *Durham*, 118 N. C., 450, where it was held to apply only to actions arising out of contract. The other questions raised by the exceptions were either not strenuously insisted upon or have not sufficient merit to make it incumbent on the Court to discuss them. There was no error of which the defendant could justly complain.

Affirmed