JAMES A. AUSTIN v. CITY OF CHARLOTTE.

(Filed 11 December, 1907).

**Negligence — Contributory Negligence — Streets — Safe Condition—City's Liability.**

Plaintiff knew that a certain street had been excavated in front of a house he was attempting to visit on a dark night, without a lantern, by going across adjoining lots near the street, and was injured, while feeling his way along in the dark, by the embankment giving away and his falling into the street. At the time of his fall he was endeavoring to go around the end of a hedge and holding to it. In an action against the city for damages, owing to alleged negligence in not keeping its streets in proper or safe condition: *Held*, (1) that the defendant was not required to see that it was safe for plaintiff to traverse a private lot, and was not liable; (2) that the acts of plaintiff amounted to contributory negligence to bar recovery.

CIVIL ACTION, tried before *Ferguson, J.,* and a jury, at September Term, 1907, of the Superior Court of MECKLENBURG County.

The plaintiff is a physician, and on the night he was injured he had started to the house of his patient, at No. 1006 North Brevard Street, in the city of Charlotte. Brevard Street had been excavated, and the houses on the east side, including the house of his patient, were left standing from 10 to 12 feet above the level of Brevard Street. The doctor got off the street car at the intersection of Brevard and Thirteenth streets, there left Brevard Street and ascended some steps cut out of the bank, crossed Thirteenth Street and started to his patient's house across the intervening yards. After crossing Thirteenth Street and passing into Yandle's yard, which was the first yard after leaving Thirteenth Street, he struck a hedge of evergreen about midway between the house and the street. It was a dark night and the plaintiff could not see. He knew that Brevard Street, in front of Yandle's yard, had been excavated, and he knew that the bank on the east was very steep, if not perpendicular. When he struck the hedge

he moved along the hedge, not towards the house, where there
could have been no danger, but towards the street, which, he
knew, had been excavated. When he fell he was sliding his
feet along so as to feel his way and not fall into the excava-
tion, and at the same time he was holding on to the hedge as
a protection and trying to pull himself around the hedge and
get into the sidewalk, which he thought was there. At this
point the ground gave way under the plaintiff and he fell into
Brevard Street.

At the close of plaintiff's evidence the court granted the
defendant's motion for nonsuit, and plaintiff appealed.

*Tillett & Guthrie* and *R. E. Austin* for plaintiff.
*Pharr & Bell* and *Hugh W. Harris* for defendant.

CLARK, C. J. The plaintiff was not injured by traveling
along the street or sidewalk, nor by any defect in the street
or so near the street as to make it dangerous for travel. In
fact, the plaintiff was not traveling the street at all. The
trouble was, not that Brevard Street was dangerous to travel,
but that Yandle's lot was. The city was not responsible for
injury sustained by one not traveling its streets. It was not
required to see that it was safe for plaintiff to traverse a pri-
vate lot.

In *Scranton v. Hill,* 102 Pa. St., 378, the plaintiff was
passing over a bridge along a public highway and, supposing
that he was clear of the bridge (it being in the nighttime),
turned aside to enter a path which left the highway, and,
unfortunately, he turned from the highway before he had
reached the path and fell over the edge of the bridge. The
Court in that case decided that the following instructions
should have been given: "It being the undisputed testimony
in this case that the plaintiff elected to leave the traveled street
for the purpose of passing over an adjacent lot without the
limit of the highway; that, though the right to pass over such

adjacent lot may exist so far as to protect the plaintiff from trespass, yet the safety of the way in which he passed to such adjacent lot is at his own peril; that the defendant is not under any legal obligation to keep such passage to an adjacent lot in safe condition, and, therefore, the plaintiff cannot recover."

In *Bunch v. Edenton,* 90 N. C., 431, cited by plaintiff, the person was traveling along the sidewalk and fell into an adjacent pit.    Here, plaintiff was traveling through a private lot and fell into the street.    Besides, the plaintiff was injured by his own negligence.    He says that he knew that Brevard Street had been excavated, that he had passed there a short time before, and the work was then going on; that on this night he inquired of a street-car conductor if there were steps up the bank at Starnes' house; that when he got off the car he went up the bank, twelve or fifteen feet high, out of Brevard Street, at the railroad; that when he struck the hedge in Yandle's lot he turned toward the street and went along the hedge, feeling his way with his feet.    Evidently, at that moment he was aware of the presence of the danger.    Thus the plaintiff, on a dark night, without a light, was feeling his way toward the point of danger and taking his chances on being able to get around the dangerous point without harm.    Even though the sidewalk had been there—and as to this he says he did not know, but supposed it was there—yet, even then, he knew he was taking chances with danger, because, even with the sidewalk, he was dangerously near the excavation, and he was aware of this, because he says he was sliding his foot along the ground, and says that he hoped to pull himself around the hedge by holding on to the hedge, and this statement is borne out by the natural fact that he pulled down a part of the hedge with him when he fell.    It was a case of the plaintiff's knowing of the danger and taking his chances to escape.    It would hardly be contended that if this had occurred in the daytime the plaintiff would not have been guilty of negligence.    Much

more was it negligence for him to take such chances in the nighttime, when he could not see.

In *Walker v. Reidsville,* 96 N. C., 382, the town of Reidsville had made an excavation within about fifteen feet of the grounds around the market house, which grounds were used as a public thoroughfare.   There were no lights or barriers around this pit, or excavation.   The plaintiff started to his home in the night, and, the grounds around the market place being crowded with people, he started across the lot where the pit was, and fell in and was injured.   He stated that, while he knew the pit was there, he was thinking of something else at the time and forgot about the pit.   The Court said: "In that case the party injured, in his own wrong, helped to bring the injury upon himself.   In a just sense, he injured himself."   The Court said, further: "It seems to us that there can be no reasonable question that the plaintiff himself negligently contributed to the severe injury of which he complains, and that his negligence was the direct, helping cause of it. He well knew of the pit, its dangerous character, where it was, and of the passway, fifteen feet broad, between it and the market house, out of which he passed.   He did not need to go near it at all; he went out of his usual way in doing so.   He did not, by mere accident, fall into it as he passed along by it; he unnecessarily and carelessly walked into it.   Although he no doubt suffered greatly, he is not excusable for forgetting it. A reasonably prudent and careful man would not forget the presence of such danger in his immediate neighborhood—one that he had seen and observed every day for more than a fortnight and but a few hours before he received the hurt.   He was bound to act upon his information and use ordinary care and prudence in shielding and protecting himself from what he knew to be a menacing danger to every one who passed near it.   He forgot, and failed to be careful, at his peril and in his own wrong.   *Parker v. Railroad,* 86 N. C., 221; *Railroad v. Houston,* 95 U. S., 697; Dillon Mun. Corp., sec. 789; Beach

Cont. Neg., 40." In this case the plaintiff knew of the condition of the street, but, by a mistake, went towards it instead of towards the house. He trusted to finding his way at night over a private lot.

The judgment of nonsuit is

Affirmed.